In re J. K. CHEMICALS, INC.,
Bankrupt.

COLFAX, INC., Plaintiff,

v.

Edward E. V. D'AGOSTINO, Trustee.

Bankruptcy No. 80–418 AV.
Adv. No. 800185.

United States Bankruptcy Court,
D. Rhode Island.

Jan. 5, 1981.

Edward E. V. D'Agostino, Providence, R. I., trustee.

Martin M. Temkin, Providence, R. I., for plaintiff.

John Moore, Providence, R. I., for trustee.

Michael A. Silverstein, Providence, R. I., for Creditors' Committee.

### ORDER GRANTING COLFAX, INC.'S COMPLAINT TO RECLAIM PROPERTY

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on the plaintiff's complaint against the Trustee to reclaim property stored at the debtor's place of business at 1361 Elmwood Avenue, Cranston, Rhode Island. The parties agree that the property in question consists of the following items:

(a) 3,510 packages, each containing two (2) 2½ gallon empty Versa Pak jugs;

(b) approximately eight thousand (8,000) "Crisco" type cans;

(c) approximately 500 fifty (50) pound cubes of emulsifier; and,

(d) miscellaneous machinery and equipment including packaging equipment.
The debtor alleges no interest in these items.

When J.K. Chemicals learned that Colfax had outgrown its own warehouse facilities, it offered some of its excess storage space to its "best customer" on a gratuitous basis. Colfax accepted the offer, and the goods in question were stored there, segregated from the debtor's property by a chain-link fence.

The Trustee opposes Colfax's reclamation complaint on two grounds: (1) that since

J.K. Chemicals' creditors would be misled by the presence of Colfax's property in the Debtor's warehouse in deciding whether to extend credit to J.K. Chemicals, Colfax should not be authorized to reclaim the property to the detriment of creditors; and (2) that the storage arrangement in question is a fraudulent conveyance under § 548(a)(2)(A) and (2)(B)(i) of the Bankruptcy Reform Act of 1978. Each of these arguments is considered separately.

### I. *Misleading of Debtor's Creditors*

No evidence was offered as to any particular creditor of J.K. Chemicals being misled, as alleged. Instead, the Trustee *argues* that it is common commercial practice for a creditor, in extending credit, to assume that all property located on the premises of the borrower belongs to the borrower, absent notice[1] to the contrary, and that because notice was not given in this case, the Debtor's creditors were therefore misled into granting or extending credit to it. The Trustee has offered no evidence of such a commercial practice. In addition, despite a request from the Court, the Trustee has failed to offer any authority for the existence of such a presumption.

■ The inference relied on by the Trustee goes a step beyond the general rule that possession of property raises a presumption of ownership. 29 Am.Jur.2d Evidence § 235 (1967). The Court here is requested to conclude, without proof, that the Debtor's creditors were misled by the presence of Colfax's property in extending credit. The Trustee argues that such a presumption exists even though most if not all the loans and shipments on credit were made, according to the evidence, without a single visit to the warehouse. This contention is specifically rejected.

Even assuming the existence of such a presumption, however, the record discloses a successful rebuttal in the testimony of Jerome Kaplan, former President of J. K. Chemicals, which is credible and reasonable.

Based on twenty-five years experience in the chemical supply business, Mr. Kaplan testified that people familiar with the chemical industry would know that the Debtor, as a distributor, neither sold nor utilized goods, machinery, or equipment of the type stored in the warehouse by Colfax, and that no knowledgeable creditor would have been misled by its presence. In addition, most of these items were clearly segregated from the property of the Debtor, and Colfax's name was on each pallet of packages containing the Versa Pak jugs.

Therefore, the Court (1) concludes as a matter of law that the presumption relied on by the Trustee does not exist, and (2) finds as a fact that the Debtor's creditors were not misled into extending credit by the presence of Colfax's property. Accordingly, the complaint should not be denied on these grounds.

### II. *Fraudulent Transfer Under § 548*

■ The Trustee argues that the Debtor "received less than a reasonably equivalent value in exchange for" Colfax's use of J. K. Chemical's warehouse to store its property, and that this constitutes a voidable transfer[2] under § 548(a)(2)(A) and (2)(B)(i).

According to the only evidence on the point, the Debtor allowed Colfax to use its excess space for business reasons, i. e., maintaining the good will of its largest customer, and so this arrangement cannot be said to be totally bereft of consideration, as a matter of law. As the party asserting a voidable preference, the Trustee has the burden of establishing a "reasonably equivalent value" for Colfax's use of space in the Debtor's warehouse and whether the maintenance of good will towards the Debtor's largest customer met this standard. Having offered no evidence directed to these issues, the Trustee's assertion on this point is rejected.

For the foregoing reasons, Colfax, Inc.'s complaint to reclaim its property from the Debtor's warehouse is granted.

---

1. Neither does the Trustee disclose the nature of or the extent of the notice referred to in his argument.

2. It being unnecessary to a resolution of this dispute, the Court makes no finding as to whether this transaction was a "transfer" within the context of § 548.