**In the Matter of Vernon D. BAKER, Jr., Debtor.**

**Patricia Lynn BAKER, Plaintiff,**

v.

**Vernon D. BAKER, Jr., Defendant.**

**Bankruptcy No. 86–182.**
**Adv. No. 86–44.**
**Motion No. 86–39.**

United States Bankruptcy Court,
D. Delaware.

June 17, 1987.

James L. Patton, Jr., Wilmington, Del., for plaintiff.

Michael B. Joseph, Wilmington, Del., trustee.

Benjamin F. Shaw, III, Georgetown, Del., for debtor/defendant.

## MEMORANDUM OPINION AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

Patricia Lynn Baker has filed two adversary proceedings against her former husband, Vernon D. Baker, Jr. In the first action she asks for relief from the automatic stay to continue with an action in the Family Court of the State of Delaware to determine their respective rights in marital property. In the second action, she asks that any judgment awarded in the Family Court be declared nondischargeable under 11 U.S.C. § 523(a)(5). Debtor has moved to dismiss the second action.

Although the parties were divorced in April 1984, there was pending before the Family Court a hotly contested ancillary proceeding on the issues of property division, alimony or support, when debtor filed a bankruptcy petition on April 30, 1986. The filing stayed a Family Court hearing on those issues that was scheduled for the next day. Debtor opposes relief from stay claiming that his interest in the marital property became property of the estate and if Mrs. Baker is permitted to proceed in Family Court, the orderly administration of

his assets, which are within the jurisdiction of this court, would be frustrated.

It is true that under 11 U.S.C. § 541(a) all legal or equitable interests of the debtor in property became property of the estate on the date of the bankruptcy filing and this court has exclusive jurisdiction of all that property. 28 U.S.C. §§ 1334(a), (b), (d) and 157(a). Debtor is also correct in asserting that (1) entry of a divorce decree severs a tenancy by the entireties and thereafter any such property is held as tenants in common and (2) a trustee may sell such property under the conditions listed in 11 U.S.C. § 363(h). However, all of this begs the question. The respective interest of the parties must be determined so the issue is whether this court or the Family Court should make that determination.

Ancillary to the divorce proceeding, Mrs. Baker invoked the provisions of 13 *Del.C.* § 1513. As a result, the parties were engaged in a lawsuit to determine their respective interests in marital property at the time of the bankruptcy filing. Mrs. Baker was seeking something other than what she would get by operation of law. Delaware family law requires the court upon request of either party to "equitably divide, distribute and assign the marital property between the parties ... in such proportions as the court deems just after considering all relevant factors ...".

Even though bankruptcy court jurisdiction over a debtor's property supercedes the jurisdiction of state courts, a bankruptcy court is not required and should not undertake to be a domestic relations court. 28 U.S.C. § 1334(c)(1). Debtor's interest must be defined under Delaware divorce law. It is the Family Court that has expertise in such matters. Therefore, in the interest of justice, court economy and deference to that expertise, cause exists for relief from stay to permit the Family Court to hear and determine the issues raised in the matter ancillary to the parties' divorce action.

The relief requested in Mrs. Baker's second action that any judgment entered by the Family Court be declared nondischargeable is premature. Therefore, the court will not address any of the issues raised by debtor's motion to dismiss. That proceeding will be held in abeyance pending resolution of the ancillary matter.

An order is attached.

### ORDER

AND NOW, June 17, 1987, for the reasons stated in the attached Memorandum Opinion,

IT IS ORDERED THAT:

1. The motion for relief from stay to continue with the Family Court proceedings ancillary to a divorce is GRANTED.

2. Adversary Action No. 86–44 shall be held in abeyance pending determination of the Family Court matter.

3. The parties shall immediately notify this court of the entry of a Family Court judgment.