**In the Matter of William B. ELROD, Sr., Individually and d/b/a Elrod Moving and Storage Company, Debtor.**

**Mary Jo ELROD, Movant,**

**v.**

**William B. ELROD, Sr., and William M. Flatau, Trustee, Respondents.**

**Bankruptcy No. 86–51033.**

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

Sept. 28, 1988.

Raymond M. Kelley, Macon, Ga., for Mary Jo Elrod.

William M. Flatau, Macon, Ga., Trustee.

### MEMORANDUM OPINION ON MOTION FOR RELIEF FROM AUTOMATIC STAY

ROBERT F. HERSHNER, Jr., Chief Judge.

### STATEMENT OF THE CASE

William B. Elrod, Sr., d/b/a Elrod Moving and Storage Co., Debtor, filed a petition for relief under Chapter 13 of the Bankruptcy Code on June 16, 1986. A plan was

confirmed in Debtor's Chapter 13 bankruptcy case on January 22, 1987. On April 8, 1988, Debtor filed a motion to convert his Chapter 13 case to a case under Chapter 7 of the Bankruptcy Code.

On October 26, 1987, Mary Jo Elrod, Movant, filed a divorce action in the Superior Court of Bibb County, Georgia. Movant then filed a motion for relief from the automatic stay with this Court on June 24, 1988. The motion seeks to allow the divorce action to proceed in the Superior Court.[1]

William M. Flatau, Trustee, filed his response to the motion on July 11, 1988. Trustee's response contains a counterclaim in which he asserts that Movant violated the automatic stay by filing the divorce action. Additionally, Trustee asserts that Movant's interest in a certain parcel of real property is avoidable under sections 544[2] and 549[3] of the Bankruptcy Code. Movant filed an answer on July 22, 1988.

A hearing on the motion was held on July 12, 1988. A stipulation of facts was filed with the Court on July 15, 1988. On July 18, 1988, the Court signed a consent order allowing Movant to proceed with her divorce action in state court on all issues except the disposition of one parcel of real property located at 3678 David Drive, Macon, Georgia.

The Court signed an order extending the automatic stay on August 8, 1988. The Court, having considered the evidence presented and the briefs of counsel, now publishes its findings of fact and conclusions of law.

## FINDINGS OF FACT

The following facts are established by the stipulation of facts filed with the Court on July 15, 1988:

The movant is presently married to William B. Elrod, Sr. They were originally married on August 14, 1972, and divorced in November, 1981. [T]hey re-married in July, 1982, and at this point in time they are still husband and wife.

During the time they were married from 1972 until 1979, they owned property which the movant's father bought at an auction. They were paying him $100 per month which he applied to the amount he paid at auction for the house, which was approximately $12,500. When they sold the house and moved to Macon in 1979, they paid off what they owed the movant's father and put the balance into an account. The movant also managed to save about $5,000 while she worked during this marriage. All of the money during this marriage was comingled and used to pay marital expenses, including the payments on this property.

Upon the divorce in 1981, movant received the funds in that account. When movant remarried in July, 1982, she still had those funds. She utilized approximately $15,000 of that money, which was her separate property, to purchase the house on David Drive on September 10, 1982. It was their intent to live in that house with their family. However, at that time they were living in movant's father's house on Allendale Drive. They continued living there and never moved into the property on David Drive. They made various improvements to that property, including a new roof, front porch, had the well fixed, new flooring, new carpet, and other miscellaneous items. All of these improvements were paid out of marital income. Basically they used the rental check received each month on this property to pay the mortgage and pay a portion of the upkeep and improvements, with the remainder coming from income earned by the two of them during the marriage.

Movant worked during both of these marriages except times when she took leave from her job as a school teacher for the birth of her last two children.

Movant further states under oath that it was her intention, and the intention of

---

1. Mrs. Elrod's motion also contains an objection to the dischargeability of any debts affecting marital property prior to the entry of a final decree of divorce.

2. 11 U.S.C.A. § 544 (West 1979 & Supp.1988).

3. 11 U.S.C.A. § 549 (West Supp.1988).

her husband, at the time they purchased the property on David Drive, to place that property in both names. Movant recalls going to the closing and signing a collection of documents which she thought would accomplish that. It was not until very recently, as a part of this litigation, that movant discovered that, in fact, her name is not on the deed.

The property has at all times been used as rental property as the debtor and the movant have not lived in the property. No Notice of Lis Pendens was filed until July 12, 1988. When the divorce complaint was filed on October 26, 1987, this property was scheduled as property owned by the parties. When the petition for bankruptcy was filed under Chapter 13, the status of the debtor was listed as married.

The record in this bankruptcy case establishes the following facts:

Debtor's Chapter 13 plan was confirmed on January 22, 1987.

Movant filed a divorce action in state court ten months after the confirmation of Debtor's Chapter 13 plan.

Debtor converted his Chapter 13 bankruptcy case to a Chapter 7 bankruptcy case six months after Movant filed the divorce action.

### CONCLUSIONS OF LAW

Under section 541(a) of the Bankruptcy Code, the commencement of a bankruptcy case creates an estate comprised of all legal and equitable interests of the debtor in property. 11 U.S.C.A. § 541(a) (West 1979 & Supp.1988). The bankruptcy court has exclusive jurisdiction of property of the bankruptcy estate and property of the debtor as of the commencement of the bankruptcy case. 28 U.S.C.A. § 1334(d) (West Supp.1988). The bankruptcy court has the inherent power to determine what property constitutes the bankruptcy estate. In making this determination, the bankruptcy court must look to the provisions of the applicable state's law. *Johnson v. Fisher (In re Fisher)*, 67 B.R. 666, 668 (Bankr.D.Colo.1986).

Debtor holds legal title to the property located at 3678 David Drive, Macon, Georgia, since the recorded deed bears only Debtor's name. The property is thus part of the bankruptcy estate. Movant filed a notice of lis pendens against the property on July 12, 1988. This action was done in violation of the automatic stay and therefore is void. *Borg–Warner Acceptance Corp. v. Hall*, 685 F.2d 1306 (11th Cir.1982). Trustee asserts that the filing of the divorce action itself violates the automatic stay and is thus void. This argument is without merit. The Bankruptcy Code protects property of the bankruptcy estate and of the debtor; it does not protect the marital status of the debtor.

Movant may hold an interest in this property, however, since Georgia law allows "equitable division of property." *See Stokes v. Stokes*, 246 Ga. 765, 273 S.E.2d 169 (Ga.1980). The evidence presented shows that Movant contributed the funds for the initial purchase of the property. The evidence further shows that Movant and Debtor both contributed funds toward maintenance of and improvement to the property. Movant would therefore appear to have an equitable interest in the property, although this interest has not been ascertained.

Under section 544(a)(3) of the Bankruptcy Code, Trustee has the status of a bona fide purchaser.[4] As such, Trustee may avoid any interest against property of the debtor that is not properly perfected and of which Trustee has no notice. In the present matter, Debtor holds sole title to the property. Movant had no recorded interest in the property as of the commencement of the Chapter 7 bankruptcy case. Thus, any interest in the specific piece of marital property that may have vested in Movant under state law by the filing of the divorce action is superceded by the power acquired by Trustee under section 544(a). *See Fisher*, 67 B.R. at 669.

Movant is entitled to file a proof of claim for the value of any interest she may have

**4.** 11 U.S.C.A. § 544(a)(3) (West Supp.1988).

in the property. Section 544 only bars Movant's claim against the specific property. The value of Movant's interest in the property has not yet been determined. This determination will involve an application and interpretation under Georgia law of the doctrine of equitable division of property. A bankruptcy court is not the best forum for the resolution of domestic relations matters. Such matters should be litigated in state courts. This Court will therefore defer to the judgment of the Superior Court of Bibb County, Georgia. Movant may have the value of her claim determined by the state court, after which she may file a proof of claim in Debtor's bankruptcy case as an unsecured creditor.

An order in accordance with this opinion is attached hereto.