In re Bill L. **TUCKER, dba Tucker Interests, Debtor.**

**Carol TUCKER, Plaintiff,**

**v.**

**Bill L. TUCKER and Bill Tucker, dba Tucker Interests, Defendants.**

**John P. Ellbogen and Ellbogen–Tucker Interests, Intervenors.**

**Bankruptcy No. 88 B 00535 E.
Adv. No. 88 J 904.**

United States Bankruptcy Court,
D. Colorado.

Jan. 31, 1989.

Jeffrey Cohen, Alderfer, Herm & Cohen, P.C., Denver, Colo., for plaintiff.

Margaret L. Toal–Rossi, Ireland, Stapleton, Pryor & Pasco, P.C., Denver, Colo., for intervenors.

### MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court on the Intervenors' Motion for Summary Judgment.

On January 15, 1988, the Debtor/Defendant, Bill L. Tucker, filed his Chapter 11 petition (Case No. 88 B00535 E). On or about February 12, 1988, the Debtor filed his schedules of assets and liabilities listing $167,500.00 in real property assets and $268,333.00 in personal property assets, claiming that he only asserted an individual one-half interest therein.

On September 26, 1988, Carol Tucker, Plaintiff herein and spouse of the Debtor, filed a Notice pursuant to 11 U.S.C. § 546(b) to "perfect Carol's interest in all marital property presently contained within [Bill Tucker's] bankruptcy estate. This perfection shall relate back to the date of the Debtor's bankruptcy Petition and shall vest Carol's interest which might otherwise be considered inchoate, in and to all marital property." On October 4, 1988, Carol Tucker filed a Proof of Claim in the Debtor's estate asserting "Tucker is filing this Proof of Claim based upon the unliquidated claim to one-half (½) of all the property acquired by the Debtor during their marriage (the "Property"). The Property is set forth in the Debtor's Schedules of Assets and Liabilities."

On October 20, 1988, Carol Tucker filed the within Complaint against her Debtor/husband asking the Court to declare "that she has a one-half ownership interest in and to the Assets [of the Debtor's estate]; and that she has a pre-petition unsecured claim against the Estate in an amount to be determined by the Court."

One could assume that a divorce is pending or contemplated. Such is not the case. The Debtor and his wife have been married for fourteen years and no divorce is presently contemplated, which could explain why the Debtor/husband is now in default for failing to Answer the Complaint.

However, on October 28, 1988, the Court allowed John P. Ellbogen and Ellbogen–Tucker Interests to intervene. The Intervenors filed their Answer and Counterclaims on November 25, 1988, and on November 29, 1988, they filed the instant Motion for Summary Judgment. On Decem-

ber 1, 1988, the Court set the Motion for hearing on January 20, 1988.

Plaintiff did not file an opposing brief until January 19, 1989. Under Local Rule 10(c), such a brief should have been filed within twenty (20) days after service of the Motion for Summary Judgment. The Motion for Summary Judgment was served by mail on November 29, 1988, thus, the opposing brief was due December 22, 1988 (allowing three days for mailing). Intervenors ask Plaintiff's brief to be stricken, and this request shall be granted. Although such action is hardly detrimental because Plaintiff's counsel was properly allowed oral argument on January 20, 1989.

The first issue is whether Plaintiff, as a matter of law, under the uncontested facts set forth, *supra,* has a valid claim to one-half of the property in the Debtor's estate, even though she has no record interest therein, by reason of her filing a notice under 11 U.S.C. § 546(b).

*In re Harms,* 7 B.R. 398 (Bankr.Colo. 1980) and *In re Fisher,* 67 B.R. 666 (Bankr. Colo.1986), both stand for the proposition that prior to the filing of a dissolution of marriage action, a spouse's rights in marital property are inchoate, in reliance on *In re Questions Submitted by the U.S. District Court, Imel v. U.S.,* 184 Colo. 1, 517 P.2d 1331 (Colo.1974). In both *Harms* and *Fisher,* the spouses of the debtors had commenced dissolution of marriage action pre-petition. Nevertheless, both cases held that, pursuant to the provisions of 11 U.S. C. § 544, even the "vested" interests of the spouses in the marital property were cut off by the filing of the bankruptcy petitions. Specifically, if the spouse had not perfected her vested rights in the marital property by filing a lis pendens or obtaining a execution lien on the personal property, then the spouse has no claim to specific property in the bankruptcy estate.

The Plaintiff asserts that the filing of a notice under § 546(b) somehow gives her specific ownership rights to 50% of all the marital property of the parties. Section 546(b) reads as follows:

> The rights and powers of a trustee under sections 544, 545, and 549 of this title are subject to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of such perfection. If such law requires seizure of such property or commencement of an action to accomplish such perfection, and such property has not been seized or such action has not been commenced before the date of the filing of the petition, such interest in such property shall be perfected by notice within the time fixed by such law for such seizure or commencement.

The Plaintiff argues that the case of *In re Colter,* 46 B.R. 510 (Bankr.Colo. 1984); *aff'd* 47 B.R. 1008 (D.Colo.1985), supports her position. In that case, the holder of a deed of trust and an assignment of rents pre-petition, filed a notice under § 546(b). The Court held that the creditor's security interest in the rents of the property (which was inchoate at the time of filing the bankruptcy) could be perfected by filing a notice under § 546(b). That was a correct decision because, absent bankruptcy, under Colorado law a judgment lien creditor would be entitled to levy and execute any against the current month's rent. A mortgagee could thereafter commence a foreclosure action and seek the appointment of a receiver under § 38–39–112, C.R.S., thereby perfecting the mortgagee's interest in all future rents to the exclusion of the judgment lien creditor. *See, In re Colter,* 47 B.R. 1008, 1011 (D.Colo.1985). In other words, that case dealt with the situation where an intervening judgment lien creditor was able to claim superior rights upon each and every month's rent receipts by successive levies and executions, but only until the mortgagee perfected its interest in the rents, which perfection was effective for all future rent receipts. The case remained true to the principle of *Butner v. U.S.,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). That principle is that a federal bankruptcy court should provide the same protections to a secured creditor that he would have under state law if no bankruptcy had ensued, while at the same time, it should avoid

providing a windfall to a party merely by reason of the happenstance of bankruptcy.

■ Thus, we must analyze the Plaintiff's rights to specific property as if no bankruptcy had been filed. If a judgment lien creditor had perfected its lien on the real property involved here prior to Plaintiff filing a dissolution of marriage action and prior to Plaintiff filing a lis pendens, the Plaintiff's rights to the marital property would be subordinate to those of the judgment lien creditor. Such is the teaching of *Imel, Harms,* and *Fisher, supra.* The filing of a dissolution action *does not* give the Plaintiff any rights that relate back to a time prior to the judgment lien creditor's rights. Under § 546(b) and § 544, the Trustee in bankruptcy stands in the shoes of a hypothetical perfected judgment lien creditor as of the date of filing of the bankruptcy petition. The § 546(b) notice, which Plaintiff wishes to substitute for a dissolution action and lis pendens, cannot defeat these rights of the Trustee. Such a result gives the Plaintiff no more and no less than she would have received *sans* bankruptcy. The same analysis would apply to the personal property herein, at least as to the discreet tangible personal property.

There remains the issue of whether the Plaintiff's § 546(b) notice would be effective as of the date of filing to perfect her interest in certain other property such as the monthly or periodic payments received as a result of oil and gas royalty interests held in the Debtor/husband's name. I do not resolve that issue at this time because I have insufficient information as to where such interests are located, the exact nature of those interests, and the law of the forum or forums concerning perfection by judgment lien creditors and its effect.

■ The second issue raised by the parties is whether, and to what extent, the Plaintiff has a pre-petition unsecured claim in the Debtor's estate. 11 U.S.C. § 502(a) provides that a claim, proof of which is filed under § 501, is deemed allowed unless a party in interest objects. "Claim" is defined in § 101(4) as a right to payment. Did plaintiff have a right to payment pre-petition? Because Plaintiff did not file a dissolution of marriage action pre-petition, and because the notice under § 546(b) in this case does not relate back to a date pre-petition, the Plaintiff, under *Imel, Harms,* and *Fisher, supra,* had no right to payment pre-petition and thus, had no claim pre-petition. It is, therefore,

ORDERED that Intervenors' Motion for Summary Judgment is granted in part and denied in part, and that judgment shall enter in favor of Intervenor's declaring that:

1. Plaintiff has no rights in any specific real property of this bankruptcy estate that were not perfected of record before January 15, 1988.

2. Plaintiff has no rights in any specific tangible personal property of this bankruptcy estate that were not perfected under the laws of the State of Colorado before January 15, 1988.

3. That this Court reserves judgment on the Plaintiff's rights to receive rent and royalty income generated by property of this bankruptcy estate from and after September 26, 1988, the date Plaintiff filed a notice under 11 U.S.C. § 546(b).

4. Plaintiff has no valid pre-petition unsecured claim against this bankruptcy estate based upon her rights to marital property under the laws of the State of Colorado.

FURTHER ORDERED that the parties shall complete the following activities by the designated dates:

1. Expert Witness Discovery: Parties will provide reports under Rule 26(b)(4)(A)(i), Fed.R.Civ.P. by *April 17, 1989.*

2. All discovery shall be *COMPLETED* by: *April 2, 1989.* ("Completed" means that all depositions are concluded and that responses to written discovery are due on or before the discovery completion date).

3. All exhibits shall be pre-marked and, along with witness lists, shall be exchanged no later than 15 days prior to trial. If there are no written objections (stating with specificity the grounds for the objec-

**800**

tions to the exhibits), filed no later than 10 days prior to trial, the exhibits are deemed admitted.

FURTHER ORDERED that a one-day trial shall commence at *9:00 A.M.* on *MAY 2, 1989* in the United States Bankruptcy Court, Courtroom C, 1845 Sherman Street, Denver, Colorado.

FURTHER ORDERED that unless a party, by written motion filed no later than *February 14, 1989*, requests amendments to this Order, no modifications will be entertained by the Court.