**In re Donald Benton ROSE and Donna Sue Rose, Debtors,**

**Irene ROSE, Appellant,**

**v.**

**Thomas J. CARLSON, Trustee, Appellee.**

**Bankruptcy No. 85–02215–S–11.**
**No. 89–3205–CV–S–4.**

United States District Court, W.D. Missouri, S.D.

April 5, 1990.

**536**

Richard Bender, Springfield, Mo., for appellant.

June Clark, Carlson & Myers, Springfield, Mo., for appellee.

## ORDER

RUSSELL G. CLARK, District Judge.

On May 19, 1989, appellant appealed the Bankruptcy Court's orders of December 30, 1988, and February 8, 1989. The Court will affirm in part and reverse in part the Bankruptcy Court's orders.

Under Bankruptcy Rule 8013, a reviewing court may not set aside findings of fact unless clearly erroneous. *In re Sheehan*, 350 F.Supp. 907 (W.D.Mo.1972). The district court is not permitted to try the case de novo. *Matter of Roberts*, 8 B.R. 291 (W.D.Mo.1981). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed. *United States v. United States Gypsum Company*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746, *rehearing denied*, 333 U.S. 869, 68 S.Ct. 788, 92 L.Ed. 1147 (1948); *First National Bank of Clinton v. Julian*, 383 F.2d 329 (8th Cir. 1967). The reviewing court is not so limited when a bankruptcy judge's error is one of law consisting of giving wrong legal significance to the facts. *Solomon v. Northwestern State Bank*, 327 F.2d 720 (8th Cir.1964). The reviewing court is free to make an independent determination of the law. *Walker v. Commercial National Bank of Little Rock, Ark.*, 217 F.2d 677 (8th Cir.1954). It is with these standards in mind that this Court proceeds with its analysis.

On March 19, 1976, Frank and Irene Rose deeded a 150 acre farm to their son Donald Rose and his wife Donna Rose, reserving "a life estate in the ... property for and during the natural life of each, together with the power to exchange, mortgage, sell and convey the fee." Appellant's Exhibit 7. Frank Rose subsequently died, leaving Irene Rose as the sole life tenant. On June 21, 1985, at 9:57 a.m. Donald and Donna Rose filed a bankruptcy petition. On the same date at 11:32 a.m. Irene Rose recorded a deed transferring title to the 150 acres to her grandchildren, once again reserving a life estate with the power to sell, convey, rent, lease, mortgage or dispose of the property. Debtors Donald and Donna Rose have lived on the farm for at least thirty years with the sole use and benefits of rents and profits from the land and have made valuable improvements to the property. Irene Rose has not lived on the farm since the 1950's. Appellant Irene Rose was named as a defendant by the trustee of debtors' bankruptcy estate in a complaint seeking partition of the land and a declaration that appellant lacked the power to make the June 21, 1985, transfer to her grandchildren. In its order of December 30, 1988, the Bankruptcy Court determined that the 150 acres became property of the bankruptcy estate at the time the bankruptcy petition was filed and, therefore, appellant's attempt to transfer the property to her grandchildren was in violation of the bankruptcy stay and void. The Bankruptcy Court also found that the trustee may sell the property and apportion the proceeds between appellant as a life tenant and the vested fee interest of the bankruptcy estate. In its order of February 8, 1989, the Bankruptcy Court found that appellant's violation of the bankruptcy stay was willful and awarded $6,000 in attorney's fees in favor of the bankruptcy estate and against appellant.

Appellant argues on appeal that the Bankruptcy Court erred in setting aside appellant's transfer of real estate to her grandchildren, and even if this was not

error, that the Bankruptcy Court does not have the authority to allow the sale of the property free of appellant's rights set forth in the March 19, 1976, deed. Finally, appellant argues that the Bankruptcy Court erred in finding that appellant willfully violated the bankruptcy stay and awarding the bankruptcy estate $6,000 in attorney's fees for such violation. Appellee counters that the Bankruptcy Court's findings were not in error and that the cases cited by the appellant are distinguishable.

 The bankruptcy estate is "comprised of all the following property, wherever located and by whomever held: ... all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). State law determines the nature and extent of a debtor's interest in property as of the commencement of a bankruptcy case. *In the Matter of Garten,* 52 B.R. 497, 499 (Bankr. W.D.Mo.1985). The March 19, 1976, deed of the 150 acre farm from appellant to debtors reserved "a life estate in the ... property for and during the natural life of [appellant], together with the power to exchange, mortgage, sell and convey the fee." Appellant's Exhibit 7. Under Missouri case law, such reservations by the grantor are valid. *St. Louis County National Bank v. Fielder,* 364 Mo. 207, 260 S.W.2d 483, 486 (1953) (en banc). Nonetheless, the remainder in fee vested immediately in the debtors and remained vested at the time of the filing of the bankruptcy petition. *Id.* 364 Mo. at 484. Therefore, the fee interest vested in debtors became property of the bankruptcy estate.

 The debtors' bankruptcy petition filed at 9:57 a.m. on June 21, 1985, "operates as a stay, applicable to all entities, of: ... any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Because the debtors' vested fee interest in the 150 acre farm was property of the bankruptcy estate, appellant's attempt to transfer such interest to her grandchildren after the bankruptcy petition was filed was an attempt to "exercise control over property

of the estate" in violation of the stay. Actions taken in violation of the stay are void and without effect even where there is no actual notice of the stay. 2 *Collier on Bankruptcy* ¶¶ 362.03, .11 at 362–31, –73 (15th ed. 1989). As a result, appellant's post-petition deed of the 150 acre farm to her grandchildren is void and without effect. The trustee can avoid such post-petition transfers of property of the estate under 11 U.S.C. § 549(a).

Appellant cites *St. Louis County National Bank v. Fielder,* 364 Mo. 207, 260 S.W.2d 483 (1953) (en banc), and *In re Clark,* 93 B.R. 674 (Bankr.E.D.Mo.1988), as support for the proposition that the Bankruptcy Court erred in setting aside appellant's transfer of the 150 acre farm to her grandchildren. The Court in *Fielder* stated that the grantor has "the right to impose upon the grant of such estates any reservations or conditions which the grantor may see fit to place in the grant. *The only limitation upon these rights is that they must be exercised in a way not forbidden by law.*" *Fielder,* 260 S.W.2d at 486 (quoting *Tennant v. John Tennant Memorial Home,* 167 Cal. 570, 140 P. 242, 245 (1914)) (emphasis added). In the current case, the appellant may not exercise the reservations in the 1976 deed by transferring the real estate to her grandchildren because such transfer is in violation of the bankruptcy stay and, therefore, is "forbidden by law." *Id. In re Clark* is distinguishable from the current case. The facts of *In re Clark* are identical to the current case *except* that the transfer of real estate occurred prior to the debtors' filing of a petition in bankruptcy. The bankruptcy court determined that the transfer was valid and not fraudulent. However, unlike the current case, the transfer in *In re Clark* occurred pre-petition, and, therefore, there was no issue whether the transfer violated the bankruptcy stay. Thus, *In re Clark* is inapposite in the current case.

 11 U.S.C. § 363(f)(1) provides: "The trustee may sell property ... free and clear of any interest in such property of an entity other than the estate, only if ... applicable nonbankruptcy law permits sale

of such property free and clear of such interest." In Missouri, "applicable non-bankruptcy law" in the form of a statute permits the sale of such property free and clear of appellant's interest. R.S.Mo. § 528.010 provides:

Whenever under or through any deed, conveyance or will, heretofore or hereafter made, an estate for life, or a conditional or contingent or other estate of uncertain vesting or duration is created, or provided for in lands with remainder over or reversion, whether absolute, contingent or conditional, or an estate in lands is created, or provided for, to commence or to vest in the future, either, absolute, continent or conditional, any person or persons holding the estate or an interest in the estate, carrying the right of immediate use and enjoyment of such lands, may sue in equity for sale of such lands or any of the same upon the ground that the life or other estate of immediate enjoyment is burdensome and unprofitable for [sic] that the cost of paying the taxes and assessments thereon and holding, maintaining, caring for and preserving the lands from waste, or injury, and deterioration, exceeds the reasonable value of the rents and profits thereof, and that a greater income can probably be had from proceeds of a sale thereof invested in bonds of the United States or of Missouri or some municipality or school district thereof or first lien mortgage loans upon lands situate in this state; and if upon trial of such case the court finds the allegations of the petition in such suit to be true it shall order, adjudge and decree that sale of such lands in partition shall be made in the same manner as other sales of lands not susceptible of division in kind, are or may be by law provided to be made; and, the sale proceeds, after paying the costs and expenses of the suit and sale therefrom and the commuted value of any estate as may be commutable and so requested to be by the owner or owners thereof, as in other suits in partition, the court shall administer and cause to be invested in securities of the kind and character aforesaid as a trust fund for the parties in interest and persons who may become such and the income accumulate or be distributed according to the respective estates of the parties interested or who may become interested therein.

The statute can be invoked by any person or persons with an interest in the estate "carrying the right of immediate use and enjoyment of such lands." *Id.* Debtors have exercised the right of immediate use and enjoyment of the real property in question for 30 years, which right passed to the estate when debtors filed bankruptcy. The trustee, as successor in interest to the rights of the debtor, can thus apply the statute to require the sale of the real property if the life estate is burdensome and unprofitable. The Court notes that the language of the statute does not expressly limit its use to persons with a life estate. The purpose of the statute is "conserving estates and enabling the person or persons primarily responsible for the maintenance and care thereof to preserve same and protect the rights and interests of all parties concerned against depreciation and loss." *Willhite v. Rathburn*, 332 Mo. 1208, 61 S.W.2d 708, 711 (1933). Debtors were the "persons primarily responsible for the maintenance and care" of the 150 acre farm. The property is burdensome and unprofitable to the bankruptcy estate. Debtors continue to reside on the property and have diverted from the trustee rents and profits from the farm operation. *See In re Rose,* No. 85–02215–S–1–11, slip op. at 3 n. 2 (Bankr.W.D.Mo. Dec. 30, 1988). Thus, in order to "protect the rights and interests of all parties concerned against depreciation and loss," the real property may be sold free and clear of appellant's interest pursuant to 11 U.S.C. § 363(f)(1) and R.S.Mo. § 528.010.

A sale of the real property is also permissible pursuant to 11 U.S.C. § 363(f)(4), which states that "[t]he trustee may sell property ... free and clear of any interest in such property of an entity other than the estate, only if ... such interest is in bona fide dispute." It is clear that appellant's interest in the 150 acre farm is "in bona fide dispute."

If the property is sold, the life estate may be commuted with apportionment of proceeds after deduction of costs and expenses of the sale between appellant and the bankruptcy estate pursuant to R.S.Mo. § 442.530. *See United States v. 818.76 Acres of Land*, 310 F.Supp. 210 (W.D.Mo.1969).

11 U.S.C. § 362(h) provides that "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." The Bankruptcy Court found that appellant willfully violated the bankruptcy stay by transferring the 150 acre farm to her grandchildren and awarded attorneys' fees of $6,000 in favor of the bankruptcy estate and against appellant. The record before the Court does not support a finding that appellant willfully violated the bankruptcy stay and, therefore, the Court will reverse the Bankruptcy Court's award of $6,000 in attorneys' fees to the bankruptcy estate.

The Bankruptcy Court found not credible any testimony that appellant had no knowledge of debtors' filing of a bankruptcy petition prior to the transfer of the 150 acre farm and found credible only appellant's testimony that she would sign anything her son, debtor Donald Rose, put in front of her. *In re Rose*, slip op. at 3–4, 7. When asked if debtor Donald Rose mentioned to her on June 21, 1985, that he had filed bankruptcy that day, appellant responded: "I couldn't swear to it. I wouldn't swear to it. I don't know." (Tr. at 26; No. 87–0179–S–1–11). Appellant originally testified that debtor Donald Rose fixed the deed and brought it to her to sign and that she signed it because she trusted him. (Tr. at 52–53, 55; No. 87–0089–S–1–11). However, this testimony was in a hearing on a different adversary proceeding following testimony regarding other deeds which Donald Rose fixed and asked her to sign. (Tr. at 37, 40–41; No. 87–0089–S–1–11). At times during the hearings even the attorneys were confused as to what deed was being discussed. (Tr. at 58; No. 87–0089–S–1–11). Later, during the hearing specifically regarding the deed transferring the 150 acre farm, the appellant testified that Donald Rose was with her when she went to an attorney's office to have the deed made out, but that Donald Rose did not fix the deed for her to sign. (Tr. at 24; No. 87–0179–S–1–11). In addition, the attorney's legal secretary testified that appellant had an appointment with the attorney on June 21, 1985, had a deed notarized by the witness on that date and paid an attorney's fee of $52 on that date. (Tr. at 26–29, No. 85–02215–S–1–11). Appellant testified that the June 21, 1985, transfer of the 150 acre farm was made pursuant to the powers reserved to her in the 1976 deed to debtors and that she knew she still had the right to make such a transfer. (Tr. at 21–22; No. 87–0179–S–1–11). There was a bona fide dispute whether appellant had the right to transfer the real property in question to her grandchildren. *In re Rose*, slip op. at 10–11. Appellant testified that she believed she had reserved the power to make such a transfer. The issue was not resolved until the Bankruptcy Court issued its order on this matter on December 30, 1988. Therefore, the Court finds that the record does not support a finding that appellant willfully violated the bankruptcy stay by transferring the property to her grandchildren and will reverse the Bankruptcy Court's attorney's fee award to the estate and against appellant.

Accordingly, it is hereby

ORDERED that the December 30, 1988, and February 8, 1989, orders of the Bankruptcy Court are affirmed in part and reversed in part.