In re Paris D. DAVIS, Debtor.

Delores F. DAVIS, Movant,

v.

Paris D. DAVIS, and Richard G. Hall, Trustee, Respondants.

Bankruptcy No. 89–00266–AT.
Contested Matter No. 91–168.

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

June 18, 1991.

Gwendolyn C. Harkness, Alexandria, Va., for movant.

Kermit A. Rosenberg, McLean, Va., for debtor.

Richard G. Hall, Annandale, Va., trustee.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

The movant, Delores F. Davis, is the debtor's former spouse. In this chapter 7 case she filed a motion for relief from the automatic stay seeking to permit the Circuit Court for the County of Fairfax to proceed with an equitable distribution of property belonging to her and the debtor.

At a hearing held on March 7, 1991, the debtor's trustee in bankruptcy opposed the motion. The trustee argued that equitable distribution of property under Virginia law is a core matter and should be heard by the bankruptcy court. Citing *Woolley v. Woolley*, 3. Va.App. 337, 349 S.E.2d 422 (1986), the trustee also argued that he would not have standing in the state court to protect the estate's interest in the property.

However, this court agrees with the movant's argument that the *Woolley* case is not controlling here. *Woolley* stands for the proposition that a statutory equitable distribution award to a non-party is beyond the jurisdiction of the circuit court. It does not follow from *Woolley* that the trustee in bankruptcy for a debtor-spouse may not intervene on behalf of the debtor's estate.

Based upon the reasoning of *White v. White (In re White)*, 851 F.2d 170 (6th Cir.1988), I find that cause exists to grant relief from the automatic stay to allow equitable distribution of the parties' marital property to proceed in state court. The circuit courts of Virginia are uniquely qualified to hear disputes concerning equitable distribution and other matters arising out of the marital relationship. *See Bible v. Bible (In re Bible)*, 110 B.R. 1002 (Bankr. S.D.Ga.1910); *Baker v. Baker (In re Baker)*, 75 B.R. 120 (Bankr.D.Del.1987). *But see In re Ziets*, 79 B.R. 222 (Bankr.E.D.Pa. 1987).

Finally, the court rejects the jurisdictional issues posed by the trustee's response to the motion.