**In re Robert Dean BAIN, Debtor.**

**Zora Bell BAIN, Plaintiff,**

v.

**Robert Dean BAIN, and Jere Loyd, Trustee in Bankruptcy, Defendants.**

Bankruptcy No. 92–50163.
Adv. No. 92–5010.

United States Bankruptcy Court, W.D. Missouri.

Aug. 4, 1992.

John Manring, Utz, Litvak, Summers, Powers & Maring, St. Joseph, Mo., for plaintiff.

Jere Loyd, St. Joseph, Mo., for trustee.

Bonnie Marriott, Richmond, Mo., for debtor/defendant.

## MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Bankruptcy Judge.

This matter comes before the Court on Plaintiff's complaint to determine the validity of a Decree of Legal Separation entered by the Circuit Court of Lafayette County, Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2) over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b). For the reasons set forth below, I conclude that the Decree of Legal Separation is valid.

The following shall constitute this Court's findings of fact and conclusions of law under Fed.R.Civ.P. 52, which is applicable to this adversary action pursuant to Fed.R.Bankr.P. 7052.

## FACTUAL BACKGROUND

Debtor Robert Dean Bain ("the debtor") and Zora Bell Bain ("Plaintiff") were married in 1956. The debtor and Plaintiff separated in 1991, and thereafter on July 12, 1991, the debtor filed for dissolution of marriage in the Circuit Court of Lafayette County, Missouri ("the Dissolution Proceeding"). Plaintiff countered by seeking a legal separation. On October 21, 1991, the debtor and Plaintiff entered into a stipulation for temporary maintenance. On March 17, 1992, the Circuit Court of Lafayette County, Missouri took up the matter, at which time the debtor and Plaintiff presented evidence, and the case was taken under advisement.

On March 20, 1992, the debtor filed for relief under Chapter 7 of the United States Bankruptcy Code. A Suggestion of Bankruptcy was filed with the Circuit Court of Lafayette County, Missouri on March 25, 1992. Subsequent thereto, on March 31, 1992, the Circuit Court of Lafayette Coun-

ty, Missouri entered its Decree of Legal Separation ("the Decree"), which purports to divide all the property and debts of the parties, set maintenance, and legally separate the parties.[1]

On April 27, 1992, Plaintiff instituted this adversary action, seeking this Court's Order ratifying the terms of the Decree, and holding that the division of property made in the Decree is effective against the debtor, Plaintiff, and the Chapter 7 Trustee. The debtor objects to Plaintiff's request, arguing that the Decree was entered by the Circuit Court of Lafayette County, Missouri in violation of the automatic stay and is, therefore, null and void. Plaintiff responds by contending that the Decree is a technical, rather than fatal, violation of the automatic stay, and merely voidable, thereby allowing the Court to either ratify the Decree as entered by the Circuit Court of Lafayette County, Missouri or grant retroactive relief from the automatic stay to allow the Decree to stand.

## DISCUSSION

The filing of a bankruptcy petition provides an automatic stay of a broad range of actions, including "the commencement or continuation ... of a judicial ... action or proceeding against the debtor that was or could have been commenced before the" bankruptcy petition was filed. 11 U.S.C. § 362(a)(1). Parties in interest, such as Plaintiff in this case, may seek relief from the automatic stay under section 362(d) of the Bankruptcy Code. 11 U.S.C. § 362(d).

The debtor contends that, because relief from the stay was not sought by Plaintiff nor granted by this Court with respect to the Dissolution Proceeding, the Decree was entered in violation of the automatic stay and is, therefore, null and void. Support for the debtor's position may be found in *In re Rose*, 113 B.R. 534 (W.D.Mo.1990), where the District Court stated that "[a]ctions taken in violation of the stay are void and without effect even where there is no actual notice of the stay." *Id.* at 537 (cit-

ing 2 *Collier on Bankruptcy* ¶¶ 362.03, .11 at 362–31, –73 (15th ed. 1989)); *see also In re Smith*, 876 F.2d 524, 526 (6th Cir.1989). *But see Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir.1990) (actions taken in violation of stay are merely voidable because the bankruptcy court has the power to annul the stay pursuant to section 362(d)).

*Collier*, however, recognizes that equitable exceptions to this general rule may exist in certain cases. Lawrence P. King et al., 2 *Collier on Bankruptcy* ¶ 362.11 at 362–84 n. 2 (15th ed. 1992). In *Matthews v. Rosene*, 739 F.2d 249 (7th Cir.1984), where the Seventh Circuit Court of Appeals approved application of the doctrine of laches to dismiss a debtor's claim that a creditor had violated the automatic stay, it was explained:

> Section 362 is designed to benefit a debtor by preventing harassment and frustration of rehabilitation efforts through pursuit by creditors in individual actions. Suspension of Section 362 automatic stay provisions may be consonant with the purposes of the Bankruptcy Act when equitable considerations weigh heavily in favor of the creditor and the debtor bears some responsibility for creating the problems.

*Id.* at 251.

In the present case, the debtor was the petitioner who instituted the Dissolution Proceeding in state court, thereby creating the situation which brought Plaintiff to this Court. It seems a bit ironic that the debtor received the hearing that he himself requested from the state court, and then three days later, before the state court could render its decision, filed for protection under the Bankruptcy Code, asking that the Dissolution Proceedings be stayed.

Plaintiff asks this Court to ratify the validity and effect of the Decree or to grant relief from the automatic stay retroactively to give the Decree its full force and effect. It should be pointed out that the most appropriate procedure to be fol-

---

**1.** The Decree also orders the sale of the parties' 120–acre farm located in Harrison County, Missouri and certain items of personal property located thereon, with each party to receive one-half of the proceeds.

lowed when such a situation arises at the beginning of a bankruptcy case is for the non-debtor party to request relief from the automatic stay prior to continuing or taking the generally prohibited action. Of course, in this case it was the state court, not Plaintiff, that continued the proceeding.

One possible solution in this case would be to grant Plaintiff relief from the automatic stay for cause under section 362(d)(1) prospectively, thereby allowing the state court to again take the matter under advisement and render its decision. This, however, would appear to serve no useful purpose since the state court likely would reach the same result. Such a solution would create an unnecessary expense and burden on the state judiciary, would be a most inefficient waste of judicial time, and is totally inappropriate given the circumstances of this case.

The debtor asks this Court to declare the Decree void and direct the Chapter 7 Trustee to proceed with the liquidation of the debtor's estate. Such action by this Court would not, however, dispose of the Dissolution Proceeding that was instituted in state court by the debtor. This Court, while possessing the authority to determine the relative rights and obligations of a debtor under a state court decree dividing the marital and non-marital property and debts of the debtor and former spouse, is not in the business of granting divorces and dividing the marital property under applicable, non-bankruptcy domestic relations law. That is more appropriately left to the province of the state courts. *See In re White*, 851 F.2d 170 (6th Cir.1988).

In *White*, the Sixth Circuit Court of Appeals, in determining that it was appropriate for the bankruptcy court to grant relief from the automatic stay to allow divorce proceedings brought by the debtor's spouse to proceed in state court, concluded that it was proper for a bankruptcy court to defer "to the divorce court's greater expertise on the question of what property belongs to whom" under state domestic relations law. *White*, 851 F.2d at 173; *see In re Davis*, 133 B.R. 593 (E.D.Va.1991) (cause existed to grant relief from stay to allow equitable distribution of marital property in state

court). The Court expressed its concern that the Bankruptcy Code might otherwise become a weapon in marital disputes. *White*, 851 F.2d at 174.

Here, the circumstances and timing of this case suggest that the debtor is using the Bankruptcy Code as a weapon in his marital dispute. Based on the evidence before the Court, I find that cause exists under 11 U.S.C. § 362(d)(1) for granting Plaintiff relief from the automatic stay to allow the Circuit Court of Lafayette County, Missouri to enter its Decree of Legal Separation in the state court Dissolution Proceedings relating to the debtor and Plaintiff. I further find that, given the circumstances of this case, it is appropriate to grant such relief retroactively to give full validity to the Decree as entered on March 31, 1992 by the Circuit Court of Lafayette County, Missouri. *See Sikes v. Global Marine, Inc.*, 881 F.2d 176, 178–79 (5th Cir.1989); *In re Albany Partners, Inc.*, 749 F.2d 670, 675 (11th Cir.1984) (court's power to annul stay pursuant to section 362(d) permits grant of retroactive relief from the stay in limited circumstances); Lawrence P. King, 2 *Collier's Bankruptcy Manual* ¶ 362.06 at 362–50 n. 99b (3d ed. 1992).

### CONCLUSION

Based on the foregoing, I find that Plaintiff has shown sufficient cause under 11 U.S.C. § 362(d)(1) to allow this Court to grant relief from the automatic stay for the purpose of allowing the Circuit Court of Lafayette County, Missouri to enter its Decree of Legal Separation in the Dissolution Proceeding between the debtor and Plaintiff. I further find that such relief from the automatic stay shall be granted retroactively so as to give full force and effect to the Decree of Legal Separation as entered by the Circuit Court of Lafayette County, Missouri on March 31, 1992.

A separate Order consistent with this Memorandum Opinion will be entered this date.