In re Frank William McKOY,
Jr., Chapter 7 Debtor.

Linda D. McKOY

v.

Frank William McKOY.

Bankruptcy No. 93–32878–T.

Contested Matter No. 93–903.

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Nov. 1, 1993.

Janipher W. Robinson, Richmond, VA, for movant.

Charles L. Rogers, Morano, Colan & Butler, Richmond, VA, for debtor.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

This case came before the court on October 26, 1993, for final hearing on the motion for relief from stay filed on behalf of debtor's former spouse, Linda D. McKoy, in Contested Matter No. 93–903 and for hearing on debtor's application for a show cause order directed against Mrs. McKoy. At the conclusion of hearing the court ruled from the bench that the motion would be granted and the show cause application disapproved.

This opinion supplements the court's bench ruling.

### Facts

The court's findings of fact are based upon the debtor's answer to the motion for relief from stay, from exhibits submitted by the movant and received at hearing and by proffers of uncontested facts by counsel.

On February 18, 1993, the debtor was divorced from movant Linda D. McKoy by a decree of the Circuit Court, City of Richmond, Virginia, which also incorporated an equitable distribution award requiring debtor to pay his wife the amount of $4,161.45 for her share of their marital real property. On February 15, 1993, Mrs. McKoy's attorney mailed to debtor's attorney a deed of assumption which had been executed by Linda McKoy and which required execution by debtor. The letter stated that the attorney was to hold the deed in escrow until the required payment of $4,165.00 was made to Mrs. McKoy. Although debtor never made this payment, the deed of assumption transferring Mrs. McKoy's interest in the realty to debtor was recorded on June 16, 1993.

Debtor filed a chapter 7 bankruptcy petition on July 13, 1993.

On August 9, 1993, Linda D. McKoy filed a memorandum of lis pendens in the Richmond Circuit Court noting her claim against the realty because of debtor's failure to comply with the equitable distribution order.

By her motion for relief from stay filed on September 1, 1993, Mrs. McKoy seeks authority to pursue her claim against the realty in the state court based upon debtor's failure to comply with the equitable distribution order.

On September 22, 1993, debtor filed an application for show cause alleging that the filing of the lis pendens was a violation of the automatic stay and requesting the court to enter an order requiring Mrs. McKoy to show cause why she should not be held in

contempt, directing her to remove the lis pendens and to pay his attorneys fees.

### Discussion And Conclusions

 At hearing, both parties seemed to assume that debtor's bankruptcy filing discharges his obligation to pay his former wife $4,161.45 as required by the divorce decree. However, this is an issue which Mrs. McKoy may pursue in state court. *See* 11 U.S.C. § 523(a)(5) and (c).

According to her counsel, Mrs. McKoy intends to proceed against debtor in the Richmond Circuit Court, which may consider amending its previous decree concerning equitable distribution.

 The matters raised by the motion for relief from stay are particularly within the province of the state court and should not be resolved in bankruptcy court. *See Robbins v. Robbins (In re Robbins)*, 964 F.2d 342 (4th Cir.1992); *Davis v. Davis (In re Davis)*, 133 B.R. 593 (Bankr.E.D.Va.1991).

Accordingly, the court finds cause to grant the motion for relief from stay.

 Finally, debtor's application for order to show cause based upon Mrs. McKoy's filing postpetition of a memorandum of lis pendens must be denied. The filing of a lis pendens has been held by the Fourth Circuit Court of Appeals not to be a violation of the automatic stay under 11 U.S.C. § 362. *See Savers Fed. Sav. & Loan Ass'n v. McCarthy Constr. Co. (In re Knightsbridge Dev. Co.)*, 884 F.2d 145, 147–48 (4th Cir.1989).

Separate orders will be entered.