**In re Michael Wayne BAMMAN, Debtor.**

**Bankruptcy No. 99–42609.**

United States Bankruptcy Court, W.D. Missouri.

Sept. 30, 1999.

Lydia M. Carson, Kansas City, MO, for debtor.

Bruce E. Strauss, Kansas City, MO, for Karen Bamman.

Gary D. Barnes, Kansas City, MO, Chapter 7 Trustee.

Richard V. Fink, Kansas City, MO, Chapter 13 Trustee.

## MEMORANDUM OPINION AND ORDER

FRANK W. KOGER, Chief Judge.

Karen R. Bamman has filed a Motion for Relief From Automatic Stay in the debtor's case, requesting this Court to modify the stay so that she can proceed in State Court in obtaining a divorce from the debtor, Michael Wayne Bamman, and dividing the marital property. This Court held a hearing on Mrs. Bamman's Motion and the debtor's response thereto on August 30, 1999. As directed at the hearing, the parties have submitted memoranda on the issue, and the Court hereby issues the following Findings of Fact and Conclusions of Law pursuant to Fed.R.Bankr.P. 7052.

### Factual and Procedural Background

Karen Bamman is seeking a dissolution of her marriage to the debtor in an action pending before the Circuit Court of Jackson County, Missouri, where the petition for marital dissolution is scheduled to be heard on October 5, 1999. On July 2, 1999, while the marital dissolution case was pending in the Jackson County Circuit Court, Debtor filed a Chapter 7 Petition for Relief in this Bankruptcy Court, thereby staying the dissolution proceeding from going forward pursuant to 11 U.S.C. § 362. Hence, Karen Bamman filed the instant Motion for Relief From Automatic Stay, seeking to have the stay modified so that she can proceed with her marital dissolution action against the debtor.[1]

On August 13, 1999, the debtor filed a Response to Motion for Relief From Automatic Stay in which he agrees that the marital dissolution proceeding should go forward. However, he also expresses his belief that unsecured creditors should be represented regarding their interest in non-exemptible assets. He suggests that there are enough non-exemptible assets to pay the joint debts and asserts that if this Court allows the Circuit Court to divide the assets, those assets may be depleted before the Trustee can seize them for the benefit of the joint creditors. Debtor prays this Court for "an order modifying the automatic stay for the purpose of allowing Karen R. Bamman to continue the dissolution of marriage as long as the Trustee can adequately preserve non-exemptible assets for the benefit of the unsecured creditors."

On August 16, 1999, the Chapter 7 Trustee filed an Objection to Karen Bamman's Motion for Relief From Automatic Stay, wherein he points out that the debtor's schedules list a "½ interest in Real Estate Escrow" in the amount of $25,676.16. The Real Estate Escrow apparently represents the proceeds from the sale of the marital home, which is presumably held by Mr. and Mrs. Bamman as tenants by the entireties. Further, according to the Chapter 7 Trustee, the debtor had testified at the § 341 meeting of creditors that despite listing them on his schedules as individual debts, several of the debts listed on his Schedules D and F, totaling over $65,000, are in fact joint debts. Thus, according to the Chapter 7 Trustee, the amount of joint debt substantially exceeds the debtor's share of the Real Estate Escrow. Consequently, the Trustee asserts that at a minimum, the joint creditors of the bankruptcy estate should be paid from the debtor's interest in the Real Estate Escrow and further asserts that if the marriage dissolution is permitted to proceed to the extent the issue regarding the Real Estate Escrow is litigated there, it would hinder, delay and burden the administration of the bankruptcy estate.

---

1. Karen Bamman also filed a Motion for Enlargement of Time to File a Complaint Pursuant to 11 U.S.C. § 523, which this Court has granted.

On August 27, 1999, the Debtor filed a motion to convert his Chapter 7 case to a Chapter 13 case pursuant to 11 U.S.C. § 1307, and that Motion has been granted. As a result, although the Court has considered the arguments raised by the Chapter 7 Trustee, ruling on his Objection is now moot.

### Discussion

■ The jurisdiction to determine the right to and grounds for a divorce falls exclusively with the state court, and a state court action as it pertains to those issues should not be stayed. *See In re Hohenberg*, 143 B.R. 480, 483 (Bankr. W.D.Tenn.1992) (citations omitted). The same is true for maintenance or support awards. *See In re Calhoun*, 715 F.2d 1103, 1107 (6th Cir.1983) (obligations of alimony, support and maintenance are issues within the exclusive domain of the state courts); *Hohenberg*, 143 B.R. at 483. Clearly, the automatic stay in this case must be modified so that Karen Bamman can proceed to obtain a dissolution of her marriage to the debtor and a determination regarding maintenance or support. The debtor does not oppose this and this Court has no desire to tread that ground, even if it did have jurisdiction. The automatic stay is therefore modified for that purpose.

■ The issue of the property division presents a more difficult issue, however. While this Court has the authority to determine the relative rights and obligations of a debtor under a state court decree dividing the marital and non-marital property and debts of the debtor and his former spouse, this Court is not in the business of granting divorces and dividing the marital property under non-bankruptcy domestic relations law. *In re Bain*, 143 B.R. 715, 717 (Bankr.W.D.Mo.1992). The issue of dividing the marital property under domestic relations law is "appropriate-

ly left to the province of the state courts." *Id.* (*citing In re White*, 851 F.2d 170 (6th Cir.1988)).

As the Sixth Circuit did in *In re White*, this Court concludes that it is proper, at least under these circumstances, to defer "to the divorce court's greater expertise on the question of what property belongs to whom" under state domestic relations law. *In re White*, 851 F.2d at 173; *In re Bain*, 143 B.R. at 717. As one court has said, the definition of the debtor's interest in property must be made after reference to state law, and it will be helpful to this Court in this case if the state court will classify and equitably divide the marital property so that this Court can determine what is property of the bankruptcy estate. *See In re Hohenberg*, 143 B.R. at 485 (*citing In re White*, 851 F.2d at 173–74). This is particularly true in this case since it appears that the debtor has mislabeled or misrepresented the character (as joint or individual) of debts and assets on his schedules. Furthermore, although he was asked by the Chapter 7 Trustee to file amended schedules correcting these problems, the debtor failed to do so. It also appears from the United States Trustee's involvement in this matter that there may be other issues regarding omissions from the schedules as well.[2]

■ As a result, the Court will modify the stay so as to permit the Circuit Court of Jackson County to determine the nature of Mr. and Mrs. Bamman's property and debts as being separate or joint. Karen Bamman's separate property and debts are extraneous to this bankruptcy case. However, all of Michael Bamman's separate property and all of the jointly owned property became property of Michael's bankruptcy estate pursuant to 11 U.S.C. § 541 when he filed his petition in bankruptcy. Under Eighth Circuit precedent applicable in this case, joint debts must be

---

**2.** The United States Trustee has filed, and was granted, a Motion for Extension of Deadline in which to file a § 707(b) motion to dismiss for substantial abuse. The U.S. Trustee alleg-

es it has requested additional financial information in that regard which the debtor has failed to provide.

paid from the joint assets before the non-debtor spouse is to receive any part of those joint assets. *Van Der Heide v. La-Barge (In re Van Der Heide)*, 164 F.3d 1183 (8th Cir.1999). In bankruptcy, once an entireties asset is liquid, the bankruptcy trustee is to distribute the money first to the joint creditors and then, if there is any money remaining after payment to joint creditors, to the estate and the non-debtor spouse according to their respective interests. *In re Rentfro*, 234 B.R. 97, 99 (Bankr.W.D.Mo.1999) *(citing Van Der Heide*, 164 F.3d at 1184–85); *In re Brown*, 234 B.R. 907, 910 (Bankr.W.D.Mo.1999).

As a result, while the automatic stay is modified so that the Circuit Court can characterize and divide the property, this Court specifically retains its jurisdiction over the distribution and treatment of Michael's separate property as well as any joint property of Mr. and Mrs. Bamman so that the bankruptcy trustee can administer the assets for the benefit of the appropriate creditors through the bankruptcy estate. Karen Bamman will receive her respective interest in remaining joint property as determined by the state court, if any, *after* payment to the appropriate creditors through this bankruptcy estate pursuant to the principles outlined in *Van Der Heide*.

This Court recognizes that this may present some difficulties for the Circuit Court in dividing property or awarding maintenance and that the result reached herein may appear to prejudice Karen Bamman's right under Missouri domestic laws. However, "[a] decision to lift the automatic stay under section 362 of the Code is within the discretion of the bankruptcy judge and this decision may be overturned on appeal only for an abuse of discretion." *In re Robbins*, 964 F.2d 342, 345 (4th Cir.1992) *(citing In re Boomgarden*, 780 F.2d 657, 660 (7th Cir.1985)). This Court feels this result is appropriate under the Eighth Circuit's *Van Der Heide* opinion which plainly mandates that this Court is required to treat the joint proper-

ty and creditors in a specific manner which is, arguably, contrary to Missouri law.

Finally, while some parties or observers may view Michael Bamman's bankruptcy filing as an inappropriate effort to undermine or thwart Karen's rights in the domestic proceeding, *see In re Bain*, 143 B.R. at 717, the Court declines to make such a judgment at this time. Again, the Court notes that Karen Bamman is protected, to a degree, by the Order enlarging the time in which she may file a nondischargeability complaint.

### Conclusion

The automatic stay is hereby modified so that the Circuit Court of Jackson County can determine the issues pertaining to the marital dissolution of Michael and Karen Bamman, including the actual dissolution of the marriage of Karen Bamman and Debtor Michael Wayne Bamman; the determination as to whether either party is entitled to maintenance or support and the amount thereof; the characterization of the Bammans' property and debts as separate or joint; and any other issues pertaining to the dissolution of their marriage. The Circuit Court may make an award of property to the individual parties; however, such an award may not be distributed or effectuated until after the joint property has been administered through this bankruptcy estate according to bankruptcy law. This Court specifically retains jurisdiction to determine the issues as to distribution and treatment of any of Michael Bamman's separate property as well as any property which the Circuit Court determines to be jointly owned at this time. In other words, because this Court must determine which creditors are to be paid from the joint property under Eighth Circuit precedent, it must be understood that any award of property which is currently owned jointly by the Bammans cannot be delivered or transferred to either of them individually until after the property has been administered through Michael Bam-

man's bankruptcy estate pursuant to Eighth Circuit bankruptcy law.