OPINION
{¶ 1} Plaintiff-appellant Kimberly R. Wade appeals the January 18, 2002 Decree of Divorce issued by the Morrow County Court of Common Pleas. Defendant-appellee is Shawn L. Wade.
 STATEMENT OF THE CASE AND FACTS {¶ 2} Kimberly and Shawn were married August 10, 1991, and two children were born as issue of the marriage. On May 14, 1999, appellant filed an action in divorce in the Morrow County Court of Common Pleas. The magistrate issued Temporary Orders allocating responsibilities for, among other things, the repayment of debt and provisions for child support. The final hearing in this case was held before Magistrate Phillips on November 9, 1999. At the hearing, appellee filed a Post-Trial Memorandum and appellant filed Proposed Findings of Fact.
 {¶ 3} On June 20, 2000, Chevy Chase Bank, the mortgage holder for the marital residence, filed a foreclosure action in the Morrow County Court of Common Pleas before Judge Howard Hall. On April 2, 2001, appellee filed a Chapter 13 bankruptcy action in the United States Bankruptcy Court, Southern District of Ohio, Eastern Division (Case No. 01-53643).
 {¶ 4} Judge Hall granted Chevy Chase Bank summary judgment on the foreclosure action and ordered the residence to be sold at a sheriff's auction on April 6, 2001. After receiving notice of the bankruptcy filing, Judge Hall approved a stay of the foreclosure action.
 {¶ 5} On January 18, 2002, Judge Hall issued the Divorce Decree. On February 11, 2002, appellant filed a motion requesting a hearing as to whether the trial court had jurisdiction to proceed with filing a divorce decree in light of the automatic stay imposed by appellee's bankruptcy action.
 {¶ 6} Appellant filed a motion to set aside the decree of divorce pursuant to Civ.R. 60(B). The trial court scheduled a hearing for May 3, 2002. Thereafter, appellant filed her notice of appeal from the January 18, 2002 Judgment Entry.
 {¶ 7} Appellant prosecutes her appeal from the January 18, 2002 Judgment Entry, assigning the following error for our review:
 {¶ 8} "I. UPON THE DEFENDANT/APPELLANT FILING A BANKRUPTCY ACTION, AND NO RELIEF FROM STAY HAVING BEEN OBTAINED FROM THE BANKRUPTCY COURT, THE TRIAL COURT ERRED IN PROCEEDING WITH THIS CASE AND FILING A DECREE OF DIVORCE, AS IT LACKED THE AUTHORITY AND/OR JURISDICTION TO DO SO. THE DECREE OF DIVORCE, FILED ON JANUARY 18, 2002 IS VOID AND THEREFORE MUST BE VACATED."
 I. {¶ 9} In appellant's sole assignment of error, she maintains the trial court erred in filing its judgment entry after appellee had filed a bankruptcy action.[1] Appellant argues the act of filing the bankruptcy action automatically stayed any disposition of the marital assets by the Common Pleas Court. While the parties were permitted to petition the bankruptcy court to lift the stay, no such action had been taken. Accordingly, appellant maintains the trial court lacked jurisdiction to file a divorce decree disposing of marital assets which were also part of the bankruptcy estate. We agree.
 {¶ 10} The filing of a petition in bankruptcy operates as a stay of certain legal proceedings against the debtor, including the enforcement of judgments against him as set forth in Section 362, Title 11, U.S.Code.[2] Barnett v. Barnett (1984), 9 Ohio St.3d 47, 47. The automatic stay provision of section 362(a), Title 11, U.S. Code, however, does not automatically stay many of the aspects of a divorce action, such as dissolution of the marriage, child custody issues, spousal support, child support, or an action for the collection of support from property that is not part of the bankruptcy estate. See Section 362(b), Title 11, U.S.Code; State ex rel. Miley v. Parrott, 77 Ohio St.3d 64,1996-Ohio-350; Lalli v. Lalli (Mar. 16, 2001), Ashtabula App. No. 98-A-0096, unreported; In re Ropberge (Bkrtcy.Ct.E.D.Va. 1995),181 B.R. 854. When applied to a divorce action, the automatic stay provision of Section 362(a), Title 11, U.S. Code, is applicable only to the division and award of marital assets and property. McLeod v. McLeod
(Dec. 14, 2000), Cuyahoga App. No. 77300, unreported; In re Hohenberg
(Bkrtcy W.D. Tenn. 1992), 143 B.R. 480; In re Bamman (Bkrtcy. W.D. Mo 1999), 239 B.R. 560.
 {¶ 11} In light of the fact the bankruptcy stay is automatically imposed, we agree with appellant the trial court erred in proceeding to divide the marital assets in the divorce decree. As set forth above, the parties are free to petition the bankruptcy court for a lifting of the stay. However, until the stay has been lifted, the trial court is without jurisdiction to divide marital assets which are also part of appellee's estate in bankruptcy.
 {¶ 12} Appellant's sole assignment of error is sustained.
 {¶ 13} The January 18, 2002 Judgment Entry of the Morrow County Court of Common Pleas is reversed. The matter is remanded to the trial court for further proceedings in accordance with the law and our opinion.
By: Hoffman, P.J., Farmer, J. and Wise, J. concur
[1] Appellee did not file a brief in this matter and therefore this Court's review proceeds under App.R. 17(C).
[2] "§ 362. Automatic stay.
 "(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of —
 "(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; * * *"