## CIRCUIT COURT OF THE CITY OF RICHMOND

P & T Enterprises, L.L.C.

v.

Commonwealth Surety Associates, Ltd.

v.

American Diversified Ins. Co.,
American Diversified Financial Services,
and Republic Surety

May 29, 1996

Case No. LA-2273-3

By Judge T. J. Markow

This case is presently before the court on Third-Party Defendants' Motions Craving Oyer, Bill of Particulars, and Plea in Bar.

The third-party defendants crave oyer of the court asking that the written co-broker agreement which is mentioned in Commonwealth Surety's Amended Third-Party Motion for Judgment be attached and made part of the pleading. Additionally, the defendants urge the court to order a Bill of Particulars from Commonwealth alleging the facts for any cause of action based upon breach of the purported co-broker agreement. Finally, the defendants seek a Plea in Bar of Count III of the Amended Motion for Judgment because a material variance of the contract occurred thereby releasing any surety obligation.

The allegations are as follows. P & T Enterprises (P & T) hired Home Builders to construct a new Hampton Inn. As part of the agreement, Home

Builders was required to place a bond for the project and was to receive compensation at intervals based on the amount of work completed. Home Builders asked Commonwealth Surety Associates, Inc. (Commonwealth) to find a suitable surety for its performance bond. Commonwealth could not, however, locate an appropriate surety. It was contacted by Republic Surety which indicated that it could find a bonding party. Commonwealth alleges that it asked Republic to locate a surety.

Republic found American Diversified Insurance Company (ADI) to serve as surety on Home Builders' performance bond. American Diversified Financial Services (ADFS) sent an invoice to Commonwealth for the bond premium. The performance bond, which incorporated the original contract, was sent to P & T Enterprises; a copy was sent to Commonwealth. Both Home Builders and American Diversified Insurance were parties to this signed performance bond.

Home Builders defaulted on the construction project. Thereafter, P & T demanded that ADI carry out its surety duties and perform its bond. ADI refused to perform. P & T filed suit against Commonwealth for failure to exercise due care in the procurement of and negligence in selection of a surety for the performance bond. It also alleged a breach of its contractual agreement with Commonwealth. Commonwealth filed a Third-Party Motion for Judgment against ADI, ADFS, and Republic claiming that each defendant breached its duty under the performance bond to Commonwealth and P & T. Commonwealth alleges that it is not liable to P & T, but in the alternative claims that ADI, ADFS, and Republic are liable to it for any judgment taken against it.

### Motion Craving Oyer

A motion craving oyer is used to force a party to place documents mentioned in the pleadings, but not attached thereto, within the court record. *Smith v. Wolsiefer*, 119 Va. 247, 250, 89 S.E. 115 (1916); see also *Culpeper Nat'l Bank v. Morris*, 168 Va. 379, 383, 191 S.E. 764 (1937) (motion granted for entire record of prior suit). The third-party defendants seek a motion craving oyer of the purported co-broker agreement which Commonwealth makes reference to in its Amended Motion for Judgment. In response, Commonwealth declares that there was no written agreement establishing the co-broker agreement. Since, there is no written agreement, this issue is moot.

## Bill of Particulars

ADI, ADFS, and Republic also seek a Bill of Particulars detailing the facts in Counts I and II upon which Commonwealth relies for its breach of contract claim. The third-party defendants believe the claim is factually deficient.

A court may order a bill of particulars to amplify a claim. *Alexander v. Kuykendall*, 192 Va. 8, 15, 63 S.E.2d 746 (1951). In Count I, Commonwealth alleges that Republic approached it about bonding "hard to insure risks" and represented that it could locate a suitable surety for Home Builders. Commonwealth further asserts that Republic shared the commission and acted as co-broker/independent contractor in finding the surety. It claims that Republic is liable for any judgment entered against it because Republic was negligent and breached the co-broker agreement when it failed to exercise due care and placed the bond with an unlicensed, incompetent, and insolvent entity. This count sufficiently alleges a duty, breach, and harm committed by Republic. No Bill of Particulars is necessary.

Likewise, Count II sufficiently details the duty, breach, and harm allegedly committed by American Diversified Financial Services. Commonwealth alleges that ADFS issued the invoice and accepted payment for the bond, thus becoming an agent and co-broker of the third-party plaintiff. Moreover, Commonwealth claims that ADFS breached its agent and co-broker duties and is liable for any judgment against Commonwealth because ADI was negligently selected as surety for Home Builders. Additionally, Commonwealth asserts that ADFS is just an alter ego of ADI. This claim does not require amplification. Commonwealth sufficiently notified the third-party defendants of the claims against them.

## Plea in Bar

Republic, ADI, and ADFS offer three reasons why the claim in Count III should be barred completely. First, defendants allege application of §§ 49-25 and 49-26 of Code of Virginia.[1] Defendants claim that neither P & T nor Commonwealth have sued Home Builders concerning the original contract obligation despite the demand for such suit being made by the

---

[1] Section 49-25 of the Code of Virginia authorizes a surety to require the creditor on a contract to sue others involved in that contract. Section 49-26 releases a surety of obligation on a contract when he has made demand upon the creditor to sue and the creditor has failed to act within thirty days.

third-party defendants. They argue that any action against them, as sureties, on the contract is statutorily forfeited. In response, Commonwealth states that it could not sue Home Builders, the bond principal, because Home Builders is currently in bankruptcy and is protected by the federal bankruptcy automatic stay.

Although §§ 49-25 and 49-26 allow a surety to demand that the creditor sue all persons on a contract and further provide for forfeiture of recovery from the surety if the creditor does not act within thirty days, this rule cannot be applied when the party to be sued is protected by a bankruptcy stay unless leave is granted by the bankruptcy court. *Bogart v. Bogart*, 21 Va. App. 280, 283, 285-286, 464 S.E.2d 157 (1995). Application of the state statutes is precluded by the federal statute in this instance. Furthermore, P & T filed a claim against Home Builders in this court, but Home Builders had begun proceedings in bankruptcy court, effecting an automatic stay. Because the state statutes cannot be executed due to federal legislation, the defendants' argument is irrelevant. In addition, § 49-26 of the Code does not effect a release when the debtor is insolvent. As the debtor is in bankruptcy, it is apparently insolvent.

As a second reason to bar this claim, the third-party defendants argue that a variance of material conditions in the surety agreement or bond has occurred which releases them from the contractual surety responsibility. Defendants maintain that P & T caused its own damage by not inspecting the job before paying Home Builders in excess of the amount due and owing under the construction contract. It is this overpayment which the third-party defendants claim constitutes a material deviation from the surety agreement or bond and relieves them of liability. Furthermore, defendants argue that P & T increased the damages triggered by Home Builders' breach when making the excessive payments.

The Supreme Court of Virginia has decided that compensated sureties are discharged from surety obligations when a material variance of the original contract occurs. *Southwood Builders, Inc. v. Peerless Ins.*, 235 Va. 164, 169, 366 S.E.2d 104 (1988). Moreover, overpayment of funds that are not due under a contract constitutes a material variance to the contract and prejudices the interest of the surety, thus releasing him from his contractual obligation. *Southwood*, 235 Va. at 170, 366 S.E.2d 104. In the present set of facts, Defendants argue that P & T paid money under the original contract which was not due. If that assertion were true, then ADI might be relieved of its surety obligation concerning the Hampton Inn project. However, neither the original contract nor the details of payment by P & T

is a part of the record. Therefore, the assertion cannot be verified and the claim against defendants as sureties will not be released.

The third-party defendants claim further that the claim is barred because the pleadings included new matter concerning the material variance of the agreement to which they demanded a reply. Because Commonwealth did not reply to this matter raised in the plea, defendants argue that according to Rule 3:12 the matter is admitted and therefore the case is barred. This court disagrees. Rule 3:12 states that new matter for which a reply is requested, but not given, is taken as denied or avoided. If Commonwealth did not reply, the matter of the material variance is denied and the claim should not be dismissed.

Lastly, the third-party defendants assert that Count III is barred due to a violation of the Statute of Frauds, Code of Virginia § 11-2(4). Specifically, they maintain that Commonwealth cannot recover because the pleading fails to allege the existence of a signed surety agreement. Count III does not claim specifically that ADI, ADFS, and Republic are liable as a surety to Commonwealth. However, the Amended Motion for Judgment incorporates the original Motion for Judgment which includes the surety agreement. Moreover, Commonwealth's claims are based on contract and negligence regarding the attending relationships amongst and between the third-party plaintiff and defendants.

Defendants are correct in asserting that they were not served as sureties for Commonwealth and there is no surety relationship between Commonwealth and the third-party defendants. The only performance bond attached and incorporated as an exhibit of the Amended Third-Party Motion for Judgment lists ADI as the surety for an amount of $1,311,000 to Home Builders as the principal. The bond also includes some conditions and terms of the bond. This document is purportedly signed by the President of Home Builders and an attorney for ADI. It supports the existence of a written and signed surety agreement between ADI and Home Builders. However, the fact that no written agreement exists in the record to demonstrate an agreement between the defendants and Commonwealth does not bar this claim.

The record indicates, that Commonwealth and ADFS were involved in a transaction concerning the issuance of a performance bond. In addition, a letter from Republic Insurance Agency indicates the existence of some contact and interaction between P & T, Republic, and ADI as a surety for the bond required by P & T. Commonwealth's claim is one of contract and negligence, thus the written agreement upon which defendants stand is not

required. Some contracts fall outside the Statute of Frauds. Furthermore, Commonwealth's claims against ADI, ADFS, and Republic are not based on promises by the defendants to answer for the debts of another. The claims are based on duties and agreements existing between the parties directly, not duties owed to others. There has been no violation of the Statute of Frauds. This claim is not barred.

The Third-Party Defendants' Motions Craving Oyer and for a Bill of Particulars and their Pleas in Bar are overruled.