48

**CIRCUIT COURT OF FAIRFAX COUNTY**

Department of
Family Services

v.

Nelio Desouza et al.

June 15, 1998

Case No. (Chancery) 154012

BY JUDGE ARTHUR B. VIEREGG

On May 4, 5, and 6, 1998, a trial was conducted on the Department of Family Services' ("Department") petition to terminate Nelio and Lucia Desouza's parental rights to their three sons, Leonardo (age 11), Danny (age 8), and Emilio (age 7) pursuant to Virginia Code § 16.1-283.[1] At the conclusion of the hearing, I took the case under consideration. I am now prepared to furnish my decision.

The Department seeks to terminate the Desouza's parental rights pursuant to Va. Code § 16.1-283, subsections B and C. These alternative statutory bases for termination will be addressed separately.

*Virginia Code § 16.1-283(B)*

Virginia Code § 16.1-283(B) permits a court to terminate the residual rights of a parent or parents to a child found by the court to have been neglected or abused and placed in foster care if the court finds that:

1. Termination is in the best interests of the child ("Requirement One"); and

2. The neglect and abuse suffered by the child constituted a serious and substantial threat to his life, health, or development ("Requirement Two"); and

---

[1] While represented by counsel, Mrs. Desouza neither appeared nor testified at trial.

3. It is not reasonably likely that the conditions that resulted in such neglect or abuse could not be substantially corrected or eliminated so as to permit the child's safe return to his parents within a reasonable time ("Requirement Three").

Virginia Code § 16.1-283(B). The Department carries the burden of proving these three requirements necessary for termination by clear and convincing evidence. *Walker v. Dept. of Public Welfare*, 223 Va. 557, 559 (1982). *Prima facie* evidence of Requirement Three is established if the Department can prove that the respondent parents, without good cause, failed to respond to and continue "appropriate, available and reasonable rehabilitative efforts on the part of social, medical, mental health or other rehabilitative agencies designed to reduce, eliminate or prevent the neglect or abuse of the child."[2] Virginia Code § 16.1-283(B)(2)(C).

This is a troublesome case because the Department's evidence was laden with intimations of sexual abuse of the children, a patently horrific circumstance. Yet, at trial, the Department failed to present direct evidence of such sexual abuse, although one of the children, Leonardo, clearly was of an age to have given such testimony.[3] Instead, at trial, the Department was content to enter the foster care "consent" order finding abuse and to elicit certain professional opinion testimony, which concluded that the conditions of the children were consistent with and caused by child abuse.[4] In order to prove that this unparticularized abuse presented a serious and substantial threat to the life, health, or development of the Desouza children, the Department relied on testimony that the children suffered from post-traumatic shock syndrome or similar mental and emotional maladies. The Department also presented

---

[2] The statute also provides that a *prima facie* showing to establish Requirement Three may be satisfied by proof of certain mental conditions or substance abuse of the parents, but the County did not seek to satisfy this requirement by presenting such evidence.

[3] Other than a general admission made by Mrs. Desouza to a County social worker that she had physically abused her children, the social worker did not testify to the admitted abuse.

[4] The foster care order was a final order, *see, e.g., Weaver v. Roanoke Dept. of Human Res.*, 220 Va. 921, 926-27 (1980), and might have been, but was not, appealed by the Desouzas. The finding of abuse or neglect is therefore binding upon them. *See Rook v. Rook*, 233 Va. 92, 95 (1987); *see also Bogart v. Bogart*, 21 Va. App. 280, 289-90 (1995). Significantly, however, this order did not explicate whether the evidence supporting foster care placement demonstrated abuse or neglect, nor did it specify the conditions which would have been established by such evidence.

uncontradicted evidence that the children's mental and emotional conditions had improved once the children were placed into foster care.

This Court concludes that the Department satisfied Requirement One by introducing unrebutted testimony that the children thrived following foster care placement. By demonstrating this circumstance, in combination with the remainder of the testimony (including the parents' failure to demonstrate their ability to provide an appropriate home environment), the Department clearly and convincingly satisfied this requirement. This Court concludes that the question of whether the Department satisfied Requirement Two is disputable, however, in the end, need not be decided. The Department did not introduce direct evidence of the abuse of the children. However, it did introduce psychological expert testimony that the children were experiencing conditions and symptoms consistent with sexual abuse. In the absence of the direct testimony as to the nature and frequency of the alleged abuse, arguably no court could find that Requirement Two could ever be satisfied, since the basis for the expert testimony would be either too speculative or unexplained.

The Department's § 16.1-283(B) argument fails, however, because the Department has not demonstrated by clear and convincing evidence that the conditions giving rise to the abuse suffered by the Desouza children could not be substantially corrected within "a reasonable period of time."

In this regard, the Department introduced evidence by social workers and others as to programs that had been offered to the Desouzas, including but not limited to parenting classes, weekly therapy and counseling, sexual behavior therapy, sexual offender evaluation, battered women's therapy, and men's anger management. By showing that these programs had been offered to the Desouzas, the Department thereby sought to make a *prima facie* showing satisfying Requirement Three.

The difficulty with the Department's case, however, is that it failed to introduce any direct evidence of the nature or the extent of the child abuse suffered by the Desouza children. Nor did the foster care order include findings of the nature and extent of the abuse, which gave rise to the placement of the Desouza children in foster care. Instead, the Department asks the court to infer that the unparticularized abuse (or neglect) referred to in an "agreed" order satisfies the Department's burden to prove by clear and convincing evidence that the programs offered were reasonably related to the abuse (or neglect) suffered by the children. The court cannot and will not make that inferential leap. Notwithstanding the fact that abuse or neglect was established (without an evidentiary hearing) by the Juvenile and Domestic Relations Court, in the absence of direct proof of the nature and extent of the abuse, the Court is unable to evaluate whether or not the programs offered constituted

appropriate or reasonable rehabilitative efforts by the Department to address the conditions giving rise to the Desouzas' abuse of their children.

The Department therefore failed to prove facts necessary for the termination of the Desouzas' rights pursuant to Virginia Code § 16.1-283 *by clear and convincing evidence.*

*Virginia Code § 16.1-283(C)*

Pursuant to Virginia Code § 16.1-283(C), rights of children found to have been neglected or abused may be terminated if the following is shown:

1. That termination is in the best interests of the child ("Requirement A");

2. That the parent, without good cause:

(a) failed to maintain contact with the children; and

(b) failed to provide or substantially plan for the future of the child for a period of twelve months after the child's placement in foster care, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to communicate with the parents and strengthen the parent-child relationship ("Requirement B"); or

3. That the parent, without good cause, was unwilling or unable within a reasonable period of not more than 12 months to remedy the conditions that led to the foster care placement ("Requirement C").

Proof of the following, moreover, constitutes *prima facie* evidence of Requirement B:

1. That the parent failed to communicate on a continuing and planned basis; and

2. That the parents failed or were unable to make reasonable progress toward the elimination of the conditions which led to the child's foster care placement and in accordance with the plan approved by the juvenile and domestic relations general district court.

As with the requirements for termination pursuant to § 16.1-283(B), the Department satisfied Requirement A on the basis of the Desouza children's thriving after the foster parent placement. The evidence presented by the Department, however, failed to make out a *prima facie* showing of the conditions necessary for termination under Requirement B.

The Department's evidence did not demonstrate that the Desouzas failed to maintain contact or to communicate with their children. Instead, the evidence demonstrated that Mr. and Mrs. Desouza were prohibited from contacting their children but continued counseling sessions with the hope of having their children returned to them. Furthermore, as the Department has failed to prove the conditions which led to the original foster care placement,

and since those conditions were not set forth in the juvenile and domestic relations general district court order, no *prima facie* showing was possible that the Desouzas were unwilling or unable to remedy those conditions.

Since the evidence presented did not otherwise demonstrate the conditions necessary for termination pursuant to § 16.1-283, the decision of the Fairfax Juvenile and Domestic Relations Court terminating the parental rights of Mr. and Mrs. Desouza is reversed. However, because the earlier order of the Juvenile and Domestic Relations General District Court denying the Desouzas custodial rights was a final order and not appealed, the children shall remain within the custody of the Department. *Weaver v. Roanoke Dept. of Human Res.*, 220 Va. 921 (1980).