COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Clements


DOMINIC R. MEDURE

MEMORANDUM OPINION[*] BY
v.    Record No. 1597-01-3        JUDGE JERE M. H. WILLIS, JR.
                                        FEBRUARY 19, 2002
CLAUDIA C. MEDURE


              FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                     Richard S. Miller, Judge Designate

              (Frank West Morrison; Leslie S. Phillips;
              Phillips, Morrison & Johnson, on briefs), for
              appellant.  Appellant submitting on briefs.

              (John P. Grove; Frank K. Friedman; R. Lucas
              Hobbs; Woods, Rogers & Hazlegrove, P.L.C., on
              brief), for appellee.  Appellee submitting on
              brief.


     On appeal, Dominic Medure initially contended that the trial

court erred:  (1) in allowing Claudia Medure to litigate the issue

of a $10,000 loan repayment because under the principle of res

judicata, neither party to a final decree of divorce that divides

the marital assets is entitled to have the court revisit that

issue; and (2) in ordering Mr. Medure to remove Mrs. Medure's name

from the marital credit card accounts.  He has withdrawn the

second issue.  For the following reasons, we reverse the judgment

of the trial court.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

By a letter dated January 13, 1998, Mr. Medure requested that Mrs. Medure authorize a $10,000 loan to him from a marital account held at Wheat First Securities to enable him to cover the payroll at his company, Power Products.  Mr. Medure's attorney assured Mrs. Medure's attorney that the loan would be repaid.  Mrs. Medure approved the loan.  The parties' divorce suit was then pending.

On June 11, 1998, the trial court granted the parties a final decree of divorce.  The final decree set forth a partial equitable division of the parties' marital assets and debts and referred division of other marital assets and any liens thereon to arbitration.  The decree provided:

> [Dominic R. Medure] is awarded $151,914.12 or two-thirds and [Claudia C. Medure] $75,843.13 or one-third of the Wheat Money Market Account . . . and any increase in value of said account shall be shared by the parties on the same two-thirds/one-third basis.

Three years later, Mr. Medure had not repaid the $10,000 loan to the Wheat First Securities account.  Mrs. Medure contended before the trial court that the loan balance was an asset that should be divided between her and Mr. Medure on the basis of the Wheat First Securities account division.  The trial court agreed and ordered Mr. Medure to pay Mrs. Medure $3,333.33.  That ruling was error.

> Rule 1:1, a mandatory rule, states "[a]ll final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or

-

> suspended for twenty-one days after the date of entry, <u>and no longer</u>." (Emphasis added). "At the expiration of that 21-day period, the trial court loses jurisdiction to disturb a final judgment, order, or decree except for the limited authority conferred by Code § 8.01-428."

<u>Bogart v. Bogart</u>, 21 Va. App. 280, 290, 464 S.E.2d 157, 161-62 (1995) (citations omitted).

Mr. Medure's indebtedness was to the Wheat First Securities account. It was an asset of the account when the value of the account was determined. That value was divided by the June 11, 1998 final decree of divorce. That determination and distribution became final between the parties.

Mrs. Medure argues that Mr. Medure's indebtedness to the account constituted an "increase in value" of the account. We disagree. The term "increase in value" contemplated an increase subsequent to the $227,757.31 appraisal set forth in the decree. Whatever value Mr. Medure's indebtedness may have represented was not a future increase, but was a value in existence and thus an element taken into account at the time the account was appraised and divided. That appraisal, having become final, could not be reopened and recalculated. The record does not establish that an error covered by Code § 8.01-428 exists.

The judgment of the trial court is reversed.

<u>Reversed.</u>